UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 JED ADELMAN,

                           Plaintiff,          **MEMORANDUM & ORDER**
                                               24-CV-6891(EK)
                      -against-

 COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Jed Adelman challenges the Commissioner of Social

Security's determination that he was not entitled to benefits

after April 2012.  Proceeding *pro se*,[1] Adelman argues that the

Second Circuit's prior decision in his favor in *Adelman v.*

*Berryhill*, 742 F. App'x 566(2d Cir. 2018), entitles him to such

---

[1] Adelman's parents are prosecuting this suit on his behalf because he is intellectually disabled.  Parents "have standing to initiate a suit in [their child's] behalf as next friends" if their child is incompetent to do so.  *Schuppin v. Unification Church*, 435 F. Supp. 603, 605 (D. Vt. 1977), *aff'd*, 573 F.2d 1295 (2d Cir. 1977).  While "[i]t is . . . a well-established *general* rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child," that rule is not "absolute."  *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005) (emphasis added).  In particular, the Second Circuit has held that it is permissible for a non-attorney parent to bring "an SSI appeal on behalf his or her children [when he or she] has a sufficient interest in the case and meets basic standards of competence." *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002).  In *Apfel,* the mother had a "significant stake in the outcome of the litigation" because she would likely be the representative payee for any SSI benefits to which her minor child was entitled and the child's "qualification for disability benefits" would therefore "affect [her] responsibility for the expenses associated with [her child's] condition."  *Id.* at 106.  Although this case involves a legally incompetent adult child, rather than a minor, and SSDI, rather than SSI, the parents' interest is the same: Adelman's mother is his representative payee, *see, e.g.*, Colon Decl. Ex. 1, ECF No. 15-1, and any benefits she receives on her son's behalf will defray the cost of his care.

benefits.[2]  The Commissioner moves to dismiss or, in the alternative, for summary judgment, arguing that Adelman has misread *Berryhill* and has failed to exhaust his administrative remedies before challenging the benefits determination in federal district court.  The Commissioner is correct, and summary judgment is therefore granted.

## I.   Background

Adelman is intellectually disabled and suffers from epilepsy and rheumatoid arthritis.  Compl. 7, ECF No. 1.[3]  He began receiving Social Security benefits in 1999.  *Adelman v. Colvin*, No. 14-CV-5826, 2016 WL 4991545, at *1 (E.D.N.Y. Sept. 19, 2016).  In February 2001, he began working as a laboratory technician at Stony Brook University.  *Berryhill*, 742 F. App'x at 567.  More than two years later, in April 2003, the Commissioner informed Adelman that he was no longer entitled to disability benefits because his work in the laboratory constituted substantial gainful work activity ("SGA").  *Id.* at 568.  The Commissioner determined that Adelman was required to return benefits received between September 2001 and March 2003. *Id.*

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[3] The Social Security Administration had "not been made aware" of Adelman's rheumatoid-arthritis diagnosis as of the commencement of this lawsuit.  Compl. 7.

Adelman challenged the Commissioner's determination, initiating a decade-long administrative review process.  *Id.*[4]  At the end of that process, a district court concluded that Adelman had not engaged in SGA because he had only performed his job with the help of a job coach and other accommodations.  *Id.* at 570; *see also* 20 C.F.R. § 404.1573(c) (work done under "special conditions" may not qualify as SGA).  On appeal, the Second Circuit went further.  It affirmed the district court's decision, and it also held that the Commissioner had not sufficiently shown that Adelman was engaged in SGA even *after* March 2003.  *Id*. at 575.  Importantly, though, the circuit court did not hold that Adelman had an "affirmative entitlement to benefits . . . going forward," but rather that Adelman should receive *interim* benefits until the Commissioner demonstrated that he was not entitled to them.  *Id.*  That determination "requir[ed] different evidence and different factual findings" than those before either the Commissioner or the district court. *Id.*

The Commissioner then began developing a new record. He asked Adelman to complete an updated work activity report to determine his eligibility for continuing benefits.  SSA Ltr. to

---

[4] That process involved "four hearings before two different Administrative Law Judges . . . as well as three decisions from the SSA's Appeals Council, which, after twice remanding the case for rehearing based on procedural errors, issued a final decision in the Commissioner's favor in 2014."  *Berryhill*, 742 F. App'x at 568.

Adelman dated Feb. 24, 2020, Colon Decl. Ex. 1, ECF No. 15-1. Adelman refused to respond to the requests, asserting that the Second Circuit's decision in *Berryhill* was "the law," which the Commissioner did not have "the legal authority to overturn." *E.g.*, Adelman Resp. Ltr dated Sept. 8, 2020, Colon Decl. Ex. 4. The Commissioner, based on letters already in his possession that described Adelman's work status through April 2012, concluded that Adelman was eligible for benefits up that date. Notice of Proposed Decision, Colon Decl. Ex. 5.  But because the Commissioner had no information as to Adelman's work circumstances after April 2012, he concluded that Adelman was no longer eligible for benefits as of May 2012.  *Id.*  The Commissioner sought a refund of more than $150,000 in past benefits.  Notice of Change in Benefits, Colon Decl. Ex. 9 at 18.

In a September 2023 notice informing Adelman of this decision, the Commissioner said Adelman had "the right to appeal" the decision before the SSA within sixty days.  *Id.* at 20.  Adelman submitted a request for reconsideration, Colon Decl. Ex. 9, which remains pending.  *See* Colon Decl. at 3. Because the administrative record remains incomplete, the posture of this case differs from that of a typical Social Security appeal.

4

## II. Legal Standard

If a motion to dismiss or for judgment on the pleadings "includes material outside the pleadings" and the court chooses to consider that material, then the court must construe the motion as one for summary judgment. *Sira v. Morton*, 380 F.3d 57, 66 (2d Cir. 2004) (citing Fed. R. Civ. P. 12(d)). Here, the Commissioner's motion to dismiss includes exhibits that were not appended to (or incorporated into) the complaint. These include the SSA's communications with Adelman during its investigation of his work status, Colon Decl. Exs. 3, 5, and Adelman's replies to these communications. *Id.* Exs. 2, 4.[5] Therefore, conversion to a summary judgment motion is appropriate.

Upon conversion to a motion for summary judgement, a court must provide parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). A party is deemed to have notice of a conversion if that party "should reasonably have recognized the possibility" that it would occur. *Sira*, 380 F.3d at 68. The government has moved for summary judgment in the alternative, and has attached "extensive materials that were not included in the pleadings," indicating it "plainly should have been aware of the likelihood

---

[5] These communications are also not matters of public record that the Court may judicially notice when resolving a Rule 12 motion. *Stewart v. Transp. Workers Union, Local 100*, 561 F. Supp. 2d 429, 435 (S.D.N.Y. 2008).

of such a conversion." *Id.* As for Adelman, the Commissioner appended a notice to his motion advising Adelman that the Court may convert the government's motion to one for summary judgment. ECF No. 10-4; *see also* Local Civ. R. 12.1. Such a notice is sufficient to alert *pro se* parties that a motion to dismiss may be converted to one for summary judgement. *Villafane v. Sposato*, No. 16-CV-3674, 2017 WL 4179855, at *8 (E.D.N.Y. Aug. 22, 2017) (collecting cases). Moreover, Adelman himself attached various exhibits to his reply brief, ECF No. 17, and supplemental submissions, ECF Nos. 19, 21-22, 24-25, for the Court's review in connection with his motion.

The Court therefore applies the summary judgment standard.[6] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one that can "reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Material facts are those that may "affect the outcome under the applicable substantive law." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). The

---

[6] Adelman titles his motion as one for judgment on the pleadings under Rule 12(c). ECF No. 17. But because he filed his motion after the government's (which is best viewed as a motion for summary judgment), the Court construes Adelman's filing as an opposition memorandum and cross-motion for summary judgment. Even if the Court were to construe Adelman's motion as one for judgment on the pleadings, the outcome here would not change.

moving party can discharge its burden of proof by pointing out to the Court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The burden then shifts to the non-moving party to put forth "specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998).

### III. Discussion

### A.    Administrative Exhaustion

The Commissioner argues that Adelman has failed to exhaust his administrative remedies, so his complaint is premature. Adelman argues that *Berryhill* proves he has satisfied the exhaustion requirement. Pl.'s Br. 3, ECF No. 17. But the fact that Adelman exhausted his remedies before seeking judicial relief in *Berryhill* does not mean he is exempt from the exhaustion requirement in a new SSA proceeding. And because the undisputed facts clearly show that Adelman has not exhausted his administrative remedies, the Commissioner is entitled to summary judgment.

Section 405(g) of the Social Security Act outlines the "exclusive method for judicial review" of Social Security determinations. *Gellman v. Sullivan*, 758 F. Supp. 830, 833 (E.D.N.Y. 1991). That section states that an individual may challenge a "final decision of the Commissioner of Social

Security made after a hearing" within sixty days of receiving notice of such decision.  42 U.S.C. § 405(g).  The Commissioner has the authority to define "final decision" by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  Under prevailing Social Security Administration ("SSA") regulations, a decision is final once it has proceeded through (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) request for review by the Appeals Council.  20 C.F.R. § 404.900(a)(1)-(5).

The record reveals that Adelman has not proceeded past the second stage of SSA review, *see* Colon Decl. at 3, and thus there is no final decision to challenge.  The Commissioner gave Adelman an initial determination of his decision.  Notice of Change in Benefits, Colon Decl. Ex. 9 at 18.  Adelman then submitted a reconsideration request.  *Id.* at 1.  At the time of suit, that request was still pending before the SSA.  Colon Decl. at 3.  And "[i]t is well settled that before any person may bring an action in federal court regarding a decision about Social Security benefits, he must exhaust administrative remedies."  *Martin v. Comm'r*, No. 19-CV-5430, 2022 WL 4586174, at *1 (S.D.N.Y. Sept. 29, 2022).

To be sure, the administrative exhaustion requirement is waivable.  *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011).  But the Commissioner ordinarily "has discretion

8

to decide when to waive the exhaustion requirement," *id.* at 6, and he has not exercised that discretion here.  The requirement also does not apply if (1) the plaintiff's claim is collateral to a demand for benefits; (2) exhaustion would be futile; or (3) exhaustion would result in irreparable harm.  *Id.*  Nothing in the record suggests that any of these listed exceptions apply, and Adelman has not argued otherwise.

In sum, the record reveals that Adelman has not exhausted his administrative remedies.  It also shows that none of the exceptions to the exhaustion requirement apply.  So, Adelman is not yet entitled to judicial review of the Commissioner's initial benefits determination, and the Commissioner is entitled to summary judgment.

**B.    The *Berryhill* Decision**

Even if we were to reach the merits of Adelman's argument, we would still grant summary judgment to the Commissioner.  Adelman argues that the Commissioner has no right to demand a benefits refund, because the Second Circuit's decision in *Berryhill* entitles Adelman to benefits in perpetuity.  Thus, he argues, this case is fundamentally improper, because the Commissioner is simply ignoring the "the authority of [the *Berryhill*] decision."  Compl. 4.

But Adelman misreads the Second Circuit's opinion. The appellate court expressly declined to hold that Adelman was

9

entitled to benefits going forward. *Berryhill*, 742 F. App'x at 575. It simply granted Adelman *interim* benefits until the Commissioner could provide a reasoned explanation for taking those benefits away. *Id.* The Commissioner has now done so. He has concluded, after an independent fact-finding exercise, that Adelman received job coaching through April 2012. Colon Decl. Exs. 5, 9. The Commissioner lacked any information about Adelman's work status beyond that date, and Adelman refused to provide such information. *Id.* So, the Commissioner was unable to extend its assessment past April 2012 and concluded Adelman was ineligible for benefits after that date. *Id.*

Adelman may, of course, challenge the Commissioner's decision administratively, and eventually in federal district court. But, at bottom, nothing in the Second Circuit's opinion prohibited the Commissioner from making a new determination as to Adelman's eligibility for benefits. *Berryhill* therefore does not control.

## IV. Conclusion

For the foregoing reasons, the Commissioner's cross-motion for summary judgment is granted. Adelman's is denied. The Clerk of Court is respectfully directed to enter judgment,

10

mail a copy of this order and the judgment to plaintiff, and close this case.

SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:     March 12, 2026
           Brooklyn, New York